BLAIR, VENDER & WISCOTT VS ASBURY.

*As to evidence upon the common counts in assumpsit.*

1. Where one has declared in assumpsit in two counts—upon a special agreement, and upon a *quantum meruit*, for work and labor,—the statement of the plaintiff's counsel, in his hearing, that by reason of the absence of a witness, the special contract could not be proved, but that it would be waived, and they would proceed to trial upon the common count,—would not be sufficient to exclude evidence, adduced in support of the common count.

In error to the County Court of Mobile county.

This action was assumpsit, by Asbury, for the recovery of a sum of money, due upon a contract for the building of a house.

The plaintiff declared in a count upon a special agreement between the parties, for the building of a house, and also in a common count upon a *quantum meruit*.

The plea was *non assumpsit*, and verdict and judgment were rendered for the plaintiff.

The bill of exceptions showed—that after issue was joined, the attorney of the plaintiff, in the presence and hearing of Asbury, stated to the jury, that the declaration contained several counts—the first upon a special contract; which, on account of the absence of one Walker, a witness, he would waive, and proceed upon the *quantum meruit* count.

The defendants' counsel objected to the introduction of evidence under the *quautum meruit* count, be-

cause the defendants' counsel admitted there was a special agreement, in the hearing of plaintiff, which the latter had not denied. But this the Court over-ruled.

The Court was then requested to charge the jury, that as the plaintiff's attorney had admitted in the hearing of his client, which admission was not contradicted by him, that there was a special contract—the plaintiff could not recover under either count.—This charge the Court refused. To all which defendants excepted.

*Gayle & Vandegraaff*, for plaintiff in error—*Stewart & Thornton*, contra.

HOPKINS, C. J.—This was an action of assumpsit. The declaration in the case contains a count upon a special agreement, by which, the plaintiff in the action had undertaken to erect a house for the defendants; and also a count upon a *quantum meruit*, for work done in framing a house for the defendants, at their request.

Upon the trial on the general issue, the counsel of Asbury, in his presence and hearing, stated to the jury that one of his witnesses was absent, and that he could not, therefore, prove the count upon the special contract, and would waive it, and proceed on the *quantum meruit*.

To the evidence which Asbury offered, the defendants objected, upon the ground, that the statement of his counsel admited there was a special agreement between the parties, the existence of which, rendered any proof under the count on a *quantum*

*meruit,* inadmissible. The Court overruled the objection, for which the defendants excepted; and one of the assignments of error here, makes it necessary to enquire into the correctness of that opinion of the Court.

This objection is supposed, by the counsel of the plaintiffs in error, to rest upon the principle,—which we admit—that where work has been done under a special agreement, which has not been reduced by performance to a mere duty, and upon which the proof shows the plaintiff can sustain a proper count, he cannot be allowed to recover on a general or common count. The statement of the counsel was his opinion of the effect of the facts, he believed could be proved by the absent witness. Such an opinion is not equivalent to the opinion of a Court formed upon the evidence, that work has been done under a special agreement, which is still in force, and upon which the plaintiff might sustain a proper count. The opinion of the counsel would have had no effect against the opinion of the Court, if the absent witness had been present, and the Court had determined that his testimony did not prove the special count. The statement of the counsel did not include facts, upon which the Court might have decided that there was such a special agreement as precluded the plaintiff from maintaining an action, except on a special count; and in the opinion of the counsel it was not asserted there was such an agreement as confined the plaintiff to a remedy upon a special count. There are cases, in which, after a plaintiff had attempted and failed to prove a special agreement, he was allowed

to abandon his special count, and resort to a general or common one.*

*2Starkies Ev. 96, & note 2; 7 Pick. *Rep.* 181, 182; Buller's N P. 139.

If no attempt were made in such cases, to prove the special count, the right of a plaintiff to give evidence in support of his common counts, would be clear: and whether he ought to be confined to his special agreement in any case, can be determined only by the Court, upon the proofs in the cause.

The other assignment of error was made upon the refusal of the Court to give the following instructions to the jury, upon the request of the counsel of the plaintiffs in error, "that as the plaintiff's attorney had admited in the hearing of his client, which admission was not contradicted by him, that there was a special contract between the parties, which he could not prove on account of the absence of a witness, the plaintiff could not recover under either count."

The reasoning which has been relied upon to sustain the first opinion of the Court, shows also, that the instructions were properly refused.

There is an additional objection to the charge, which the Court refused. The Court was requested, in effect, to decide, that it was proved there was a special agreement between the parties. If the charge had been given, there would have remained nothing for the jury to ascertain: the effect of an admission made by a party on the trial of a cause, to a jury, is that of evidence, and the fact which it proves must be left to a jury to ascertain.

The question, whether Asbury was entitled to recover on any count, because he abandoned the work before he had completed it according to his contract,

does not arise from the record.    What was the legal effect of the evidence in the cause, the Court below was not instructed to determine.

The judgment is affirmed.